IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10487
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

PAT ERVIN ARNOLD,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:95-CR-001-A
- - - - - - - - - -
(October 19, 1995)
Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

    Pat Ervin Arnold argues that the district court erred in
applying the money-laundering guideline (U.S.S.G. § 2F1.1),
rather than the mail-fraud guideline (§ 2S1.1), in calculating
his 115-month sentence under the grouping rules of the Sentencing
Guidelines.  "Review of sentences imposed under the guidelines is
limited to a determination whether the sentence was imposed in
violation of law, as a result of an incorrect application of the

_____

    [*]    Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

sentencing guidelines, or was outside of the applicable guideline range and was unreasonable." United States v. Matovsky, 935 F.2d 719, 721 (5th Cir. 1991).  Legal conclusions by the district court are reviewed de novo and findings of fact are reviewed for clear error.  United States v. Patterson, 962 F.2d 409, 416 (5th Cir. 1992)(legal conclusions); United States v. Pope, 871 F.2d 506, 509 (5th Cir. 1989) (superseded in other part by statute) (factual findings).  Determinations of whether and how to group a defendant's offenses are legal conclusions, "as they involve `a purely legal interpretation of Guidelines terminology and the application of that terminology to a particular set of facts.'" Patterson, 962 F.2d at 416.

Arnold argues that grouping under the money-laundering count was improper because the telemarketing operation did not involve "money laundering . . . in the strictest sense of the term."  The district court did not err in grouping Arnold's offenses and determining that the money-laundering offense level was applicable.  See United States v. Leonard, 61 F.3d 1181, 1183-86 & n.5 (5th Cir. 1995).

Arnold also argues that counsel's ineffective assistance in a previous New York conviction deprived him of a concurrent sentence and that the district court erred in not departing downward because of this fact.  Absent an error of law as to the district court's authority to do so, the decision not to depart downward is not reviewable on appeal.  Leonard, 61 F.3d 1185 & n.3.

In addition, only when the record is sufficiently developed will this court resolve a claim of ineffective assistance of counsel on direct appeal.  United States v. Rosalez-Orozco, 8 F.3d 198, 199 (5th Cir. 1993).  The record is not sufficiently developed.  As the record stands, we "can only speculate on the basis" for defense counsel's decisions regarding Arnold's sentence.  See United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987), cert. denied, 484 U.S. 1075 (1988).  Thus, we AFFIRM the decision of the district court, without prejudice to Arnold's right to challenge the effectiveness of counsel in a 28 U.S.C. § 2255 motion.  See United States v. Bermea, 30 F.3d 1539, 1573 n.4 (5th Cir. 1994), cert. denied, 115 S. Ct. 1113 (1995), and cert. denied, 115 S. Ct. 1825 (1995).

AFFIRMED.